Chief Judge Lippman
(concurring in People v Llibre-, dissenting in People v Rosario). I agree with the majority that in People v Llibre the record conclusively demonstrates that defendant Llibre was advised of his right to appeal and waived that right both orally and in writing after stating that he discussed his right to appeal with defense counsel. The majority concedes *605 that the record in People v Rosario is less clear, and because the record in Rosario does not show that defense counsel consulted with defendant regarding his right to appeal, when consultation was necessary, I would reverse and grant a hearing on Rosario’s petition.
As the United States Supreme Court held in Roe v Flores-Ortega,
“counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing” (528 US 470, 480 [2000]).
To “consult” means “advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant’s wishes” (id. at 478). The “better practice” in all cases is for defense counsel to consult with defendant (see id. at 479). In Flores-Ortega, defense counsel failed to file an appeal after the defendant specifically requested it (id. at 474) while the defendant’s file indicated that defense counsel consulted with the defendant regarding his right to appeal. The Supreme Court did not go so far as to hold that counsel must in all cases “file a notice of appeal” or “discuss the possibility of an appeal with the defendant” (id. at 478), but where the defendant may be interested in appealing, consultation is required.
The Rules of the Appellate Division and the ABA Standards for Criminal Justice reaffirm the consultation requirements laid out in Flores-Ortega. According to the rules promulgated by each Appellate Division, defense counsel must “immediately after the pronouncement of sentence” advise a defendant in writing of the right to appeal and the time limitations involved (see Rules of App Div, 1st Dept [22 NYCRR] § 606.5 [b] [1]; Rules of App Div, 2d Dept [22 NYCRR] § 671.3 [a], [b]; Rules of App Div, 3d Dept [22 NYCRR] § 821.2 [a]; Rules of App Div, 4th Dept [22 NYCRR] § 1022.11 [a]). Similarly, under the ABA Standards for Criminal Justice, defense counsel should explain the right to appeal, give his or her professional judgment on the merits of an appeal, and “explain to the client the advantages and disadvantages of an appeal”; “[t]he ultimate decision whether to appeal should be the client’s” (ABA *606 Standards for Criminal Justice, standard 4-9.1: Preparing to Appeal [4th ed 2015]).
Where, as in Rosario, it is abundantly clear that defendant was confused about his rights at the first sentencing proceeding, it was incumbent upon defense counsel to ensure that defendant understood his right to appeal. The record provides no evidence that this conversation ever took place and defendant asserts that it did not. Defense counsel, with personal knowledge of the facts, did not submit an affidavit. The majority simply ignores the glaring omissions in the record and, for the sake of convenience, denies a hearing by characterizing defendant’s assertions as “self-serving,” and thus, in its view, worthless.
In People v Rosario: Order affirmed.
Opinion by Judge Pigott. Judges Abdus-Salaam, Stein and Fahey concur. Chief Judge Lippman dissents in an opinion in which Judge Rivera concurs.
In People v Llibre: Order affirmed.
Opinion by Judge Pigott. Judges Abdus-Salaam, Stein and Fahey concur. Chief Judge Lippman concurs in a separate opinion in which Judge Rivera concurs.